**Barbara Marie GUILLORY and Pearlie Hardin Elloie, Appellants,**

v.

**The ADMINISTRATORS OF the TULANE UNIVERSITY OF LOUISIANA et al., Appellees.**

**No. 19730.**

United States Court of Appeals
Fifth Circuit.

July 21, 1962.

Katherine S. Wright, John P. Nelson, Jr., New Orleans, La., for appellants.

John Pat Little, Wood Brown, III, New Orleans, La., for appellees.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

This case involves the question whether the Negro plaintiffs are entitled to declaratory and injunctive relief compelling Tulane University to admit them as students. As this is the assertion of Federal Constitutional rights under the 14th Amendment, the claim necessarily asserts that Tulane University, by reason of its unique historical background or by circumstances showing substantial state control is a State Agency, or its operation under Act 43 of 1884, LSA–R.S. Tit. 17, c. 6, constitutes state action. The District Court first granted a summary judgment in favor of the plaintiffs and entered a temporary injunction. Guillory v. Administrators of Tulane University, D.C.La., 1962, 203 F. Supp. 855. Later, on application and motion of Tulane University, the Court granted a new trial, set aside the summary judgment, and vacated the injunction. The plaintiffs appeal from those actions.

We hold that the record supports the trial judge's decision that on the evidence then before him the case was not one for summary judgment. The District Court's dissolution of the temporary injunction was therefore not an abuse of discretion requiring reversal by us.

We are of the view that the case warrants an expeditious trial on the merits. Consideration of counsels' briefs with their carefully prepared analyses of the historical materials leaves us with the marked impression that substantially the same evidentiary materials probably will be required on a trial for permanent injunction and declaratory judgment as would be the case for a preliminary injunction. Accordingly, there is no reason why the case should not be tried on the merits without delay.

Under our Rules we have the right to consider all matters appearing in the record in the District Court. The record shows third party complaints, filed by Tulane University, impleading as third party defendants the heirs and other representatives of donors (or their classes) whose gifts may have expressed or implied a restriction as to the racial qualification of students. We express the view that such third party claims are at this stage purely collateral and incidental to the main cause. In view of the desirability that the controversy between the student-plaintiffs and Tulane University be determined expeditiously, we suggest to the District Court that under no circumstances should such third party claims be allowed to delay the trial and determination of the main case. The District Court has ample power to protect the defendants by deferring action, decision, and handling of the third party claims until the main controversy has been authoritatively determined.

We affirm the actions attacked by this appeal. We remand the case for an early trial and for such other and further action as may be consistent with this order. The mandate of this Court is to be issued forthwith.