**CONSERVATION COUNCIL OF NORTH CAROLINA et al., Appellants,**

v.

**Col. Albert C. COSTANZO, Wilmington District Engineer, Corps of Engineers, U. S. Army, et al., Appellees.**

No. 75–1906.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 1, 1975.

Decided Dec. 16, 1975.

Thomas J. Schoenbaum, Chapel Hill, N. C. (Norman B. Smith, Smith, Patterson, Follin, Curtis & James, Greensboro, N. C., on brief), for appellants.

David A. Nash, Wilmington, N. C. (Hogue, Hill, Jones, Nash & Lynch, Wilmington, N. C., on brief), for appellee Carolina Cape Fear Corp.

Bruce H. Johnson, Asst. U. S. Atty. (Thomas P. McNamara, U. S. Atty., on brief), for appellees.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

PER CURIAM:

The district court sometime ago denied temporary injunctive relief in this case by order which was affirmed on appeal in 505 F.2d 498 (1974).

Taking no more oral evidence, but having received other papers, the court again considered the matter and filed its very thorough opinion and order July 24, 1975. In the order of July 24, 1975 the district court expressed its opinion as to some of the contentions of the parties on the merits, and a part of such order required the filing of an Environmental Impact Statement (EIS) in accordance with the provisions of 42 U.S.C. § 4321 et seq. But the order of July 24, 1975 was not a final order. This is shown by the fact that the district court certified it as interlocutory for an appeal under 28 U.S.C. § 1292(b) and the fact that the district court provided that the action would be "held in abeyance pending submission of an [EIS] and the Corps of Engineers' decisions resulting from both the [EIS] and the Section 404 permit application."

In the meantime, the district court on May 19, 1975, apparently on its own motion, had temporarily enjoined work in navigable waters pending final determination of a certain escrow agreement which conditioned the conveyance of 9,000 acres of land to the public on the issuance of sufficient permits to allow the challenged project to proceed. The order of July 24, 1975, by necessary implication dissolved the temporary injunction of May 19, 1975.

The plaintiffs at the outset of this appeal attacked dissolution of the order of May 19, 1975, which was issued wholly on account of the escrow agreement, and also the denial of both temporary and permanent relief in the order of the district court of July 24, 1975.

The parties did not avail themselves of an interlocutory appeal under 28 U.S.C. § 1292(b), choosing to prosecute the appeal under 28 U.S.C. § 1291 challenging the action of the court in denying injunctive relief and in dissolving the temporary injunction entered May 19, 1975.

Our order allowing this appeal to proceed specifically provided that the appeal would only consider the denial of temporary relief and the dissolution of the order of May 19, 1975, for the order of July 24, 1975, did not dispose of the whole case; it was interlocutory on its face and so considered by the district court, and no finding was either asked for or made by the district court to provide for a piecemeal appeal under the provisions of FRCP 54(b). Before us, then, we have as the sole questions the following: did the district court abuse its discretion in (1) dissolving the temporary injunctive order of May 19, 1975, and (2) denying temporary injunctive relief during the period awaiting the filing of the EIS, and the decisions of the Corps of Engineers resulting from the filing of the EIS and the Section 404 permit application?

The standard is substantially the same by which we review the action of the district court in both instances;

the district court must be affirmed unless it abused its discretion. We have held that a refusal to dissolve a temporary injunction is within the sound discretion of the district court and can only be set aside for manifest error, *Ritter v. Ulman*, 78 F. 222 (4th Cir. 1897), and we agree with the Eighth Circuit that the decision of a district court to dissolve a temporary injunction may not be reversed absent an abuse of discretion. *City of Winfield v. Wichita Natural Gas Co.*, 267 F. 47 (8th Cir. 1920). The inquiry on appeal from granting or refusing a temporary injunction is "limited to the question whether the court abused its discretion." *United States v. Corrick*, 298 U.S. 435, 437–8, 56 S.Ct. 829, 830, 80 L.Ed. 1263 (1936).

With respect to the dissolution of the temporary injunctive order of May 19, 1975, no showing at all is made in this appeal giving reasons to support abuse of discretion in the dissolution of that order. Indeed, the subject is hardly mentioned, and we are of opinion the district court did not abuse its discretion in dissolving that temporary injunctive order.

The same remarks apply to the failure of the district court to grant injunctive relief awaiting the filing of the EIS and the Corps of Engineers' decisions mentioned in the order of July 24, 1975, which are by their very nature temporary. The district court also carefully considered the effect on the environment, the care with which the Corps of Engineers had proceeded, the equities, the public interest, the harm to the defendants from granting an injunction and the injury to the plaintiffs from refusing it, and did not grant a temporary injunction. Under somewhat similar circumstances, we have affirmed, in *Cape Henry Bird Club v. Laird*, 484 F.2d 453 (1973), the district court (359 F.Supp. 404, W.D.Va.1973) which had denied an injunction while at the same time requiring the filing of an amendment to an EIS, which was not complete enough, and the Ninth Circuit has, in *Alpine Lakes Protection Society v. Schlapfer*, 518 F.2d 1089 (9th Cir. 1975), held, in denying an injunction pending appeal, although the court recited that the Forest Service's Acts presented a substantial question on appeal, the test to be used is the traditional three-factor test: (1) Are the moving parties likely to prevail on the merits? (2) Does the balance of irreparable damage favor the issuance of an injunction?, and (3) Does the public interest support granting the injunction?

We are of opinion the district court gave thorough consideration to the matter, balanced the rights of the parties, and did not abuse its discretion in not granting a temporary injunction. The mere fact that an EIS may be called for does not automatically require temporary relief. See *Cape Henry, etc.; Alpine Lakes, etc.*

The dissolution of the temporary injunctive order of May 19, 1975, and the refusal of injunctive relief pending the filing of an EIS and the Corps of Engineers' decisions resulting from both the EIS and the Section 404 permit application are accordingly.

*Affirmed.*