**HUK–A–POO SPORTSWEAR, INC., Plaintiff,**

v.

**LITTLE LISA, LTD., Defendant.**

**No. 75 Civ. 5769 (CHT).**

United States District Court,
S. D. New York.

June 13, 1977.

Gottlieb, Rackman, Reisman & Kirsch, P. C., New York City, for plaintiff; Ellenbogen & Klein, New York City, of counsel.

Rubin, Seidman & Dochter, New York City, for defendant; Irving P. Seidman, Lawrence G. Soicher, New York City, of counsel.

TENNEY, District Judge.

Little Lisa, Ltd. ("Little Lisa"), the defendant in this copyright infringement action, has moved for an order pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure ("Rules") to dissolve the preliminary injunction issued against it on December 3, 1975, contending that "dissolution of the injunction is warranted by the drastic change that has occurred in the controlling facts upon which the injunction rested." Affidavit of Lawrence G. Soicher, sworn to April 15, 1976, ¶ 30. Little Lisa has also moved under Rule 65(a) for an order applying the security bond posted by the plaintiff to costs and damages incurred by the defendant as a result of this allegedly wrongful injunction. Plaintiff, Huk-A-Poo Sportswear, Inc., has cross-moved for partial summary judgment under Rule 56. For the reasons set forth below, the motions of both parties are denied.

The complaint in this action was filed on November 17, 1975. On November 20, 1975 District Judge Robert J. Ward signed a temporary restraining order and scheduled November 24, 1975 as the return date for the motion for a preliminary injunction. At the November 24 hearing this Court extended the temporary restraining order upon consent and adjourned the motion for a preliminary injunction until December 3, 1975 in accordance with the request of

counsel for Little Lisa, who represented that "the defendant cannot make an adequate and effective presentation to the Court on any motion for a preliminary injunction unless some limited discovery is had as to three principal issues." Transcript of November 24, 1975, at 5. These principal issues were: (1) whether the copyright protected the plaintiff's label rather than the design of the shirt; (2) whether the design was truly original; and (3) whether the copyright notice was sufficient.

On December 3, 1975, the parties appeared in Court. The defendant did not submit answering papers but instead requested a further adjournment of the motion, and the ensuing discussion focused primarily on discovery matters. At the hearing, the Court received a facially valid certificate of copyright by the plaintiff, and found "obvious copying" upon examination of the plaintiff's shirt in comparison to the alleged infringing one. Transcript of December 3, 1975, at 9. Having received no opposing papers from the defendant and having not been convinced by the defendant's assertions of irreparable harm, the Court granted a preliminary injunction in favor of the plaintiff. Discovery continued, and on April 15, 1976 Little Lisa moved under Rule 60(b)(5) to vacate the preliminary injunction.

 A motion for relief from a judgment or order made upon the ground that "it is no longer equitable that the judgment should have prospective application" is addressed to the discretion of the district court, 7 *Moore's Federal Practice* ¶¶ 60.19, 60.26[4] (2d ed. 1975) ("*Moore's*"), and depends upon a showing of changed circumstances. The term "changed circumstances" refers to events which occurred subsequent to entrance of the order and which make it unfair to continue the injunction. *United States v. Swift & Co.*, 286 U.S. 106, 114–15, 52 S.Ct. 460, 76 L.Ed. 999 (1932); *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 810 (9th Cir.), *cert. denied*, 375 U.S. 821, 84 S.Ct. 59, 11 L.Ed.2d 55 (1963); *American Optical Co. v. Rayex Corp.*, 291 F.Supp. 502 (S.D.N.Y.1967) (Tenney, J.).

The mere fact that the injunction creates hardships for the enjoined party is not in and of itself a changed circumstance. *SEC v. Thermodynamics, Inc.*, 319 F.Supp. 1380 (D.Colo.1970), *aff'd*, 464 F.2d 457 (10th Cir. 1972), *cert. denied*, 410 U.S. 927, 93 S.Ct. 1358, 35 L.Ed.2d 588 (1973).

Little Lisa's position on this motion is not that the underlying facts and circumstances have changed, but that there is now available sufficient information to challenge the validity of the plaintiff's copyright. The arguments go to the merits of the plaintiff's infringement claims and, although some of them could have been raised earlier, they are raised for the first time on this motion. Other arguments are dependent upon the discovery that was conducted subsequent to the issuance of the preliminary injunction. Little Lisa's arguments, in sum, constitute a detailed and cogent defense to the action.

 Nevertheless, the defendant's motion practice is defective since it is well established that Rule 60(b) applies only to final orders and not to interlocutory degrees such as that contested here. *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623 (2d Cir. 1962); 7 *Moore's* ¶ 60.20. However, the Court will entertain the application under its continuing plenary power over its interlocutory orders, *John Simmons Co. v. Grier Bros.*, 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475 (1922); *Ideal Toy Corp. v. Sayco Doll Corp., supra*; 7 *Moore's* ¶ 60.16[4], under which the Court is not bound by Rule 60(b)(5)'s strict standard of "changed circumstances" in reconsidering the earlier order but may in its discretion apply general equitable principles in its consideration of the motion. The Court will therefore focus only upon the relative significance of newly presented evidence and discern whether the arguments currently posed could have been raised at the time the preliminary injunction was issued.

 At that time the defendant made general allegations as to the merits of the plaintiff's case but submitted no opposing papers and failed to persuade the Court that the hardships tipped in its favor.

Hence, the Court issued the preliminary injunction on the basis of the meager record before it.[1] Only later and by way of this motion did the defendant submit sworn statements charging specific irregularities in the plaintiff's acquisition of the copyright and challenging the validity of that copyright. Although much of the evidence in support of the defendant's current motion derives from information obtained subsequent to the issuance of the preliminary injunction, it is apparent that with some diligence the defendant's counsel could have followed its own suggestion of November 24th and interposed certain objections to the issuance of the preliminary injunction at the December 3rd hearing of that motion. Little Lisa chose, however, not to pursue its opposition at that time and instead now seeks to assert its objections.

■ Strong policy reasons favor the denial of the defendant's motion at this time. To permit a party to withhold its objections to a preliminary injunction until such time as it can present the strongest possible case and allow it to then obtain a dissolution of the injunction would be judicially unwise. This is precisely the sort of situation accommodated by the distinction between emergency or temporary and permanent relief.

The Second Circuit has admonished against attempts "to relitigate on a fuller record preliminary injunction issues already decided" by the district court. *American Optical Company v. Rayex Corp.*, 394 F.2d 155 (2d Cir.), *cert. denied*, 393 U.S. 835, 89 S.Ct. 109, 21 L.Ed.2d 106 (1968). Expanding on this standard, the court of appeals

has pointed out that the district court need consider only "truly new evidence" on a motion to vacate a preliminary injunction. *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1207 (2d Cir. 1970). Thus, consideration here will be limited solely to new evidence in support of arguments which were not available earlier to the defendant.

■ These arguments challenge primarily the validity of the certificate of copyright registration. In particular it is alleged that the plaintiff made fraudulent misstatements as to its proprietorship and the originality of the design. The plaintiff contends that any mistake in listing the names of the authors of the underlying work on the certificate was " 'innocent clerical error.' " Plaintiff's Memorandum in Opposition to Defendant's Motion to Dissolve the Preliminary Injunction at 42, *quoting from Alart Associates, Inc. v. Aptaker*, 279 F.Supp. 268, 270 (S.D.N.Y.), *appeal dismissed*, 402 F.2d 779 (2d Cir. 1968). *See* Affidavit of George Gottlieb, sworn to June 1, 1976, ¶¶ 3–8; Affidavit of David Binder, sworn to June 1, 1976, ¶¶ 13–18; Affidavit of Barbara Bucherelli, sworn to June 1, 1976, ¶¶ 4–6. This Court is mindful of the policy that courts seek to preserve copyrights rather than invalidate them on the basis of minor defects in registration certificates. *Thomas Wilson & Co. v. Irving J. Dorfman Co.*, 433 F.2d 409, 412 (2d Cir. 1970), *cert. denied*, 401 U.S. 977, 91 S.Ct. 1200, 28 L.Ed.2d 326 (1971); *United States v. Backer*, 134 F.2d 533, 536 (2d Cir. 1943); *Wrench v. Universal Picture Co.*, 104 F.Supp. 374, 379 (S.D.N.Y.1952); *Nimmer on Copyright* § 94.[2] In addition, the evi-

---

1. Because a "verified complaint or affidavits standing undenied may be presumed true," 7 *Moore's* ¶ 65.04[3] at 65–63, a court may grant a preliminary injunction on the basis of pleadings and affidavits, even where no witnesses have been called. *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1204–05 (2d Cir. 1970).

2. The purchaser of an original work of art from its author can acquire both the right to the copyright on the original design as a proprietor, *Nimmer on Copyright* § 61.2, and also the right to copyright any original additions in a reproduction. New York General Business Law

§ 219–g, requiring a written assignment to transfer a right to copyright, is not applicable here. The law was intended for the protection of an artist who produces a work of fine art with no intention of having it mass produced but sells it to one who nevertheless reproduces the design contrary to the artist's intention. The law was not meant to apply to the situation of an author who creates a work solely for commercial value and intends to have the purchaser reproduce the design. *See* Memorandum of the State Department of Law: Fine Art-Reproduction, [1966] N.Y.Laws 2915 (McKinney). In addition, the state law is inap-

dence now raised by defendant is not substantial enough to alter the balance of hardships as evaluated earlier by the Court. Therefore, the conclusion remains that the preliminary injunction should apply.[3]

This does not mean that the defendant has no opportunity to raise defenses and objections to injunctive relief. On the contrary, Little Lisa may present them at the trial on the merits of this action. The objections are preserved for trial and the objecting party is urged to seek a final determination of all factual and legal issues in dispute.

Accordingly, the defendant's motion is denied. Similarly, because there are many important factual issues in dispute in this case, the plaintiff's motion for partial summary judgment is denied.

So ordered.

posite since federal copyright law would control in conflicts with state law. *Nimmer on Copyright* § 1.2.

Furthermore, it has been held that the proprietor of a work of art can commission an independent contractor to manufacture the reproduction and still retain authorship of the reproduction. *Huk-A-Poo Sportswear, Inc. v. Franshaw, Inc.*, 411 F.Supp. 15 (S.D.N.Y.1976); *Nimmer on Copyright* § 63.

**3.** Defendant's counsel urges that
"the Court never had the opportunity to consider any of the aforementioned grounds as defendant was unable to submit opposing papers at the time the preliminary injunction was granted. Extensive discovery subsequently conducted by defendant on an accelerated schedule has provided the basis for defendant making the instant motion."
Affidavit of Lawrence G. Soicher, sworn to April 15, 1976, at 4. It is apparent, however, that the defendant could have submitted opposing papers at the earlier date but chose not to, preferring to await the more precise results of extended discovery. It was defendant's tactical decision to forego opposition to the motion in favor of preparing a defense on the merits.