Sarah COLLUM and Oscar M. Collum, d/b/a Collum's Trailer Park, and Lee Townsend and Sarah Townsend, Plaintiffs-Appellants,

v.

P. B. EDWARDS, Jr., Mayor of the City of Port Wentworth, Georgia, et al., Defendants-Appellees.

No. 76–1776.

United States Court of Appeals, Fifth Circuit.

Aug. 10, 1978.

Bobby L. Hill, Jack P. Friday, Jr., Savannah, Ga., for plaintiffs-appellants.

James E. Yates, III, Savannah, Ga., for defendants-appellees.

Before BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

The plaintiffs in this action are the owner of a mobile home park and the class of residents of that park. They were successful in obtaining a preliminary injunction to stay the enforcement of a city ordinance in the United States District Court for the Southern District of Georgia. They failed to comply with the terms of the injunction, however, and after one modification had been made the Court dissolved the injunction with prejudice. The plaintiffs attack the dissolution order here on appeal. We affirm the action of the District Court in dissolving the injunction but remand for any possible further proceedings on the merits.

The facts are undisputed. The Collum Trailer Park is located in Port Wentworth, Georgia. That town has an ordinance which requires trailer parks to have "a paved all-weather road having a width of twenty (20) feet, and which conforms to the standards of the County Engineer," in order for an operating license to be issued. For six years the Collum park operated out of compliance with this provision without objection being made.

In February of 1974, however, complaints were voiced by a town councilman, Mrs. Collum was informed of her noncompliance, and the matter was referred to the Judge of the Recorder's Court. The Judge, who also served as city attorney, informed Mrs. Collum that the paving requirement had not been complied with and that unless a proposal for completion of the paving was forthcoming in ten days, appropriate action would be taken. The matter was continued, however, until May of that year. During the ensuing weeks, Mrs. Collum consulted engineers.

On August 1, 1974, Mrs. Collum's attorney was advised that adequate paving would have to be completed within sixty days. The Judge of the Recorder's Court stated, "Therefore, if you will obtain a firm contract for Mrs. Collum with a reliable paving contractor with a definite commitment for early October, I will extend the matter until that time . . . ." On October 22, 1974, counsel informed the Recorder's Court that his client had an engineering plan but was unable to obtain a bank loan. The prices quoted to her for the paving job were around $11,000.

A $5.00 per day penalty was imposed by the Recorder's Court effective October 1, 1974, and $10.00 per day after November 1. On December 27, Mrs. Collum was informed that the property would be sold to satisfy the penalties assessed and that notices would be posted on the premises ordering all tenants to vacate the park by February 1, 1975.

At this point Mrs. Collum and her tenants, on January 15, 1975, instituted suit in federal court. They alleged that racial prejudice motivated the sudden enforcement of the ordinance after six years of nonenforcement. Collum Trailer Park is the only one of the four parks in the city limits which is integrated, with approximately fifty percent of the occupants being black. Collum Trailer Park is also the only park with unpaved roads. The defendants were alleged to have the intent of eliminating this integrated park by saddling Mrs. Collum with what they knew to be a financially prohibitive requirement.

On January 30, 1975, the District Court issued a temporary restraining order. Following an evidentiary hearing, the Court, while sidestepping the question of the defendants' motivation, found that blacks would be unequally affected by the enforcement of the ordinance and sale of the property since there was no other park in which they could live. This was a sufficient showing to satisfy the traditional equitable principles of irreparable harm for the Court because it found that the "unequal effect of state action renders [it] invalid under the Fourteenth Amendment notwithstanding the absence of discriminatory *purpose.*" [1]

---

1. Because of our disposition of this appeal, we find it unnecessary to consider the vitality of such a statement in the light of *Arlington Heights v. Metropolitan Housing Development Corp.*, 1977, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450, and *Washington v. Davis*, 1976, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597.

The Court found no compelling state interests to counterbalance this discriminatory effect.

Drawing upon his broad and flexible equitable powers, *see Lemon v. Kurtzman*, 1973, 411 U.S. 192, 200, 93 S.Ct. 1463, 36 L.Ed.2d 151, 161; *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 1971, 402 U.S. 1, 15, 91 S.Ct. 1267, 28 L.Ed.2d 554, 566, the District Judge fashioned a remedy accommodating the interests of both parties. In doing so it is evident that the Judge did not regard his finding of unusual, local-based discriminatory *impact* as either significant or decisive for he stayed the enforcement of the ordinance and the collection of fines until November 1, 1975 to allow Mrs. Collum to attempt to comply with the paving requirements by that date. A status report was to be furnished on July 1, 1975. The Court looked at it entirely from the standpoint that if Mrs. Collum's trailer park was shut down for noncompliance with the ordinance there was no place for potential black customers to go. Indeed this is shown by the fact that the park was 50/50 integrated.

The status report showed that no work whatsoever had been performed on the park roadway, and the defendants sought a dissolution of the preliminary injunction. Instead, on August 8, 1975, the District Court with the parties' consent modified the prior order to require only the portion of the roadway from the paved highway to the first mobile home to be paved by October 1, 1975. The remainder was to be paved within a reasonable time after the October 1 deadline.

On November 17, 1975, the defendants again moved to dissolve the injunction. No work had either been contracted for or been done on the roadway. The District Court granted the motion and dismissed the complaint with prejudice. In response, the plaintiffs in a motion to reconsider the order presented exhibits demonstrating that Mrs. Collum had been unable to borrow $12,000, the amount needed to complete the entire job. In denying her motion, the Court pointed out that the requirement of the modified injunction was "far and away less demanding" than the ordinance. The Court concluded that plaintiffs had failed to comply with the consent order of August 8, 1975. The District Court, citing *Gaudiosi v. Mellon*, 3 Cir., 1959, 269 F.2d 873, 881–82, *cert. denied*, 361 U.S. 902, 80 S.Ct. 211, 4 L.Ed.2d 157, emphasized that a party must not only come into a Court of equity with clean hands, he must keep them clean during the pendency of the litigation.

On this appeal, the plaintiffs do not contend that the District Court acted arbitrarily or unreasonably in dissolving its preliminary injunction. Their line of attack is that, once a discriminatory *effect* was found and a compelling governmental interest was not, the Trial Judge was duty bound to enter a *permanent* injunction. He had no such duty. The Judge's broad and flexible equitable powers govern the granting and dissolution of permanent as well as temporary injunctions. *See Lemon v. Kurtzman*, 1973, 411 U.S. 129, 200, 93 S.Ct. 1463, 1469, 36 L.Ed.2d 151, 161; *Canal Authority of State of Florida v. Kallaway*, 5 Cir., 1974, 489 F.2d 567; *Conservation Council of North Carolina v. Costanzo*, 4 Cir., 1975, 528 F.2d 250; 7 Moore's Federal Practice ¶ 65.04[2] (1975); 11 Wright & Miller, Federal Practice and Procedure §§ 2947–48, 2961 (1973).[2]

More importantly, a permanent injunction as well as a temporary injunction can be dissolved by the granting court if a party fails to comply with its terms. *See generally*, 7 Moore's Federal Practice ¶ 65.-08 (1975). It is evident from the consent order that the plaintiffs were satisfied with something less than the originally sought permanent injunction. Plaintiffs' willingness to accept the order indicated their recognition and agreement that the terms of

---

2. Corpus Juris Secundum cites well over one hundred cases illustrating this power. *See* 43 C.J.S. Injunctions § 14 at 769, n. 58 (1978).

*See also* Developments in the Law—Injunctions, 78 Harv.L.Rev. 994 (1965).

the order fully ameliorated the discriminatory impact that strict enforcement of the ordinance would produce. Consequently, the only issue before us is whether the plaintiffs' admitted noncompliance with the consent order tied the hands of the District Judge.

The right of continuance of a preliminary injunction is far from absolute. The dissolution of a preliminary injunction is a matter within the sound discretion of the Trial Court and can only be set aside for an abuse of discretion. *Suarez v. Bro. Ry. Carmen of United States & Canada, AFL–CIO*, 5 Cir., 1977, 546 F.2d 1143; *Conservation Council of North Carolina v. Costanzo*, 4 Cir., 1975, 528 F.2d 250; *Guillory v. Administrators of Tulane University*, 5 Cir., 1962, 306 F.2d 489. In this case the Trial Judge found that the conditions and terms of the consent order had not been met. Plaintiffs' simply had not honored their commitment to have a portion of the roadway paved. The District Court accordingly dissolved the preliminary injunction and dismissed the suit.

We find no abuse of discretion. A review of the record persuasively demonstrates that the Trial Judge made a fair and adequate accommodation of the interests of all the parties which they willingly accepted. The Judge's actions throughout the suit, far from being an abuse of discretion, demonstrated the flexible strength of equitable remedies appropriately utilized.

Finally, we point out that the function of a preliminary injunction is to preserve the status quo pending a trial on the merits. Here the District Court never held a trial on the merits of the case, whatever they may be. Consequently, the District Court could not dismiss the case on the merits because of noncompliance. Accordingly, we affirm the dissolution of the preliminary injunction, and vacate the dismissal and remand for a determination of whether there remains any possible merit to the case independent of the District Court's determination which led to the initial issuance of the preliminary injunction, and in light of the controlling principles we have announced in this opinion and a showing of discriminatory impact (*see* note 1, *supra*).

AFFIRMED IN PART, VACATED & REMANDED IN PART.

