## KOCHER COAL COMPANY and Samuel F. Klinger

v.

## Ray MARSHALL, Secretary, U. S. Department of Labor and Robert B. Lagather and John B. Shutack and Charles C. Klinger.

Civ. A. No. 80–1110.

United States District Court,
E. D. Pennsylvania.

Jan. 14, 1981.

See also, D.C., 497 F.Supp. 73.

Bruce McDonald, Mark Savit, Washington, D.C., for plaintiffs.

Alan H. Yamamoto, U.S. Dept. of Labor, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Whether a preliminary injunction should be dissolved requires exercise of the Court's sound discretion. *Swann v. Charlotte Mecklenberg Board of Education*, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971), *Collum v. Edwards*, 578 F.2d 110 (5th Cir. 1978). General equitable principles apply. *Lemon v. Kurtzman*, 411 U.S. 192, 93 S.Ct. 1463, 36 L.Ed.2d 151 (1973). An injunction may be dissolved where a state court proceeding reaches the issues and renders continued injunctive relief unnecessary, *Gaulter v. Capdeboscq*, 423 F.Supp. 823 (E.D.La. 1976), where changed circumstances eviscerate the justification therefor, *United States v. Swift & Co.*, 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932), or where failure to dis-

solve the injunction would occasion severe hardship upon the parties, *American Optical Co. v. Rayex Corp.*, 291 F.Supp. 502 (S.D.N.Y.1967), *aff'd*, 394 F.2d 155 (2d Cir. 1968), *cert. denied*, 393 U.S. 835, 89 S.Ct. 109, 21 L.Ed.2d 106 (1969), although hardship alone will not constitute in and of itself "changed circumstances". *Huk-a-Poo Sportswear, Inc. v. Little Lisa, Ltd.*, 74 F.R.D. 621 (S.D.N.Y.1977). When a plaintiff has received substantially all the relief which he requested and removing the injunction would allow an administrative hearing, possible rendering moot the remaining dispute, to proceed, dissolution of a preliminary injunction seems appropriate as long as access to the Court remains available to plaintiff for complete redress.

In the case at bar plaintiffs sought to enjoin publication of a report prepared by the Department of Labor and relating to a mine accident in Schuylkill County, Pennsylvania. *See Kocher Coal Co. v. Marshall*, 497 F.Supp. 73 (E.D.Pa.1980). Plaintiffs requested broad declaratory and injunctive relief. Specifically, plaintiffs asked for an order

■ Restraining and enjoining Defendants, and each and all of their officers ... and all those in active concert or participation with any of them from viewing or in any other way reviewing the contents of transcripts of the subject grand jury proceedings.

■ Restraining and enjoining Defendants, and each and all of their officers ... and all those in active concert or participation with any of them from disclosing to any person whatsoever, either orally, by publication or by any other means, any information contained within transcripts of the subject grand jury proceedings.

■ Ordering Defendants to turn over to the custody of the Court the copy or copies of the transcript released to them pursuant to this Court's order, any reproductions of that transcript in Defendants' possession, and any and all notes, memoranda, summaries or other documents, including the subject citations and orders, which in any way reflect or reveal the contents of the subject transcripts.

When Judge Pollak vacated his original order which granted defendants access to the grand jury transcripts, he accorded plaintiffs the full relief requested in these paragraphs. Judge Pollak required return of all the grand jury transcripts and all copies thereof released pursuant to his earlier order; he prohibited the quotation, reproduction, paraphrase and any other use of the material in any manner by the Department of Labor or the Federal Mine Safety Health Administration (FMSHA). *See In Re Grand Jury Matter*, 495 F.Supp. 127 (E.D. Pa.1980). Furthermore, the parties entered into a stipulation providing that the Department of Labor would not publish any report until a final decision had been made in all civil actions relating to the mine accident.

■ In Paragraph 4 of the complaint plaintiffs also asked the Court to declare that defendants violated "the terms of this Court's order under which access to the transcripts of the subject grand jury proceedings was granted". Recall of the grand jury material probably rendered this claim moot. If not, the question should be presented to Judge Pollak, who originally permitted the Department of Labor access to the transcripts.

Finally, plaintiffs also requested an order

■ Declaring that Defendants' use of and reliance on information contained in transcripts of grand jury proceedings in issuing the subject citations and orders was unlawful and an abuse of the secrecy which envelopes grand jury proceedings, and that the subject citations and orders are invalid, null and void.

■ Declaring that Defendants' action of revealing the contents of transcripts of grand jury proceedings in the subject citations and orders was unlawful and an abuse of the secrecy which surrounds grand jury proceedings, and that the subject citations and orders are unlawful, invalid, null and void.

■ Declaring that all administrative proceedings initiated or to be initiated

based in whole or in part on information contained in transcripts of grand jury proceedings are unlawful.

Concerning the first two paragraphs this court intimated in the bench opinion of March 25, 1980, that plaintiffs in all probability would succeed in pressing their claims against defendants. *See Kocher Coal Co. v. Marshall*, 497 F.Supp. at 76–77. However, the court actually decided only that the threat of irreparable harm, plaintiffs' likelihood of success on the merits and the possibility of harm to plaintiffs and the public if the injunction did not issue justified enjoining defendants' publication of the proposed report. The court did not reach the merits of plaintiffs' claims and, therefore, did not decide that the issued citations were consequently null and void. Essentially, this issue comprises the only dispute to be resolved. The court, previously recognizing this possibility, advised the parties that vacation of Judge Pollak's order and complete sterilization of defendants' findings could moot not only this question but also the need for continued injunctive relief. *See Kocher Coal Co. v. Marshall*, 497 F.Supp. at 76–78. The Secretary of Labor has represented that

> [t]he citations and orders are based on information and observations made during the rescue operation and the subsequent investigation and public hearings and not on the grand jury transcripts as [plaintiffs] allege ... [Plaintiff] can use the discovery process of the administrative proceeding to inquire into its allegation that the citations and orders are based solely on the grand jury transcripts. [Plaintiff] can also attack any evidence presented by the Secretary both as to its basis and its sufficiency to support the citations and orders ...

> Moreover, any use of or reference to the grand jury transcripts in violation of Judge Pollak's order is subject to contempt of court proceedings.

Under these circumstances plaintiff has already succeeded in obtaining the major goals of the instant litigation. Allowing the Federal Mine Safety and Health Review Commission (FMSHRC) to proceed and make a determination, which plaintiffs may attack as forcefully as they desire, may result in the conclusion that defendants have, indeed, sterilized the basis of the citations, which would then be valid despite the possibly illegal subsequent use of the grand jury material. Therefore, the motion of the Secretary of Labor to dissolve the preliminary injunction will be granted so that the administrative hearing may proceed. Plaintiffs' action will not be dismissed but will be placed in civil suspense until completion of the FMSHRC proceedings. If plaintiffs find fault with the administrative determination requiring further injunctive relief, they may revive the present matter for further relief. Finally, if plaintiffs remain dissatisfied with the administrative determinations, appellate review is always available. An appropriate order will be entered.