ALPINE LAKES PROTECTION SOCI-
ETY, a Washington Corporation, et
al., Plaintiffs-Appellants,

V.

T. A. SCHLAPFER, Regional Forester
of Region Six of the United States
Forest Service, individually and in his
official capacity, and Pack River Com-
pany, a Washington Corporation, De-
fendants-Appellees.

No. 75–1651.

United States Court of Appeals,
Ninth Circuit.

May 1, 1975.

Malachy R. Murphy, Deputy Atty.
Gen., Olympia, Wash., Robert E. Ordal,
Seattle, Wash., for plaintiffs-appellants.

Edward J. Parry, Robert M. Sweeney, Asst. U.S. Atty., Spokane, Wash., Wallace H. Johnson, Asst. Atty. Gen., Carl Strass, Glen R. Goodsell, Attys., Dept. of Justice, Washington, D.C., for defendants-appellees.

## OPINION

Before KOELSCH and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellants' motion for injunction pending appeal is denied.

■ Although the important congressional policy expressed in the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 *et seq.,* has been said to weight the scale in favor of those seeking the suspension of all action until the Act's requirements are met (*see, e. g., Lathan v. Volpe* (9th Cir. 1971) 455 F.2d 1111, 1116–17), the unusual circumstances in this case call for an individual weighing of the equities according to the traditional three-factor test: (1) Are the moving parties likely to prevail on the merits? (2) does the balance of irreparable damage favor the issuance of the injunction? and (3) does the public interest support granting the injunction? (*Schwartz v. Covington* (9th Cir. 1965) 341 F.2d 537, 538.)

Although we do not reach the merits of appellants' claim that the Forest Service's failure to prepare a full-scale environmental impact statement (EIS) before granting the challenged easement was contrary to the requirements of NEPA, we observe that the procedures employed by the Forest Service raise a substantial issue on appeal.

■ Characterizing any piecemeal development of a project as "insignificant" merits close scrutiny to prevent the policies of NEPA from being nibbled away by multiple increments, no one of which may in and of itself be important enough to compel preparation of a full EIS. (*See, e.g., Named Individual Members of San Antonio Conservation Soc'y v. Texas Highway Dep't* (5th Cir.

1971) 446 F.2d 1013.) Appellants have also raised a question concerning the adequacy of notice provided by the 1972 EIS, now claimed to represent a broad consideration of the management strategy to be employed in the Coulter Planing Unit. NEPA is essentially a procedural statute (*Daly v. Volpe* (9th Cir. 1975) 514 F.2d 1106), and we have recognized that careful compliance with its provisions is necessary to fulfill the statute's fundamental goals:

"[The EIS's] form, content, and preparation [must] substantially (1) provide decision-makers with an environmental disclosure sufficiently detailed to aid in the substantive decision whether to proceed with the project in the light of its environmental consequences, and (2) make available to the public, information of the proposed project's environmental impact and encourage public participation in the development of that information." *Trout Unlimited v. Morton* (9th Cir. 1974) 509 F.2d 1276.

■ The record before us does not show that the balance of irreparable damage favors the issuance of the injunction pending appeal. Appellants allege that irreparable harm will occur to their interests as the continued logging permitted by the use of the nearly completed access road further reduces the area's wilderness characteristics and effectively removes it from consideration for inclusion in the wilderness preservation system. Appellees contend that they face a much more tangible and immediate harm: many of the trees on the company's property are insect infested and, absent prompt removal, the timber will be worthless.

Finally, the public interest will not be served by granting the injunction, because access is necessary to remove the diseased timber and to prevent the insect infestation from spreading throughout the adjacent national forest lands.

The balance of the equities do not favor the granting of an injunction.