PUNA SPEAKS, an unincorporated association, on behalf of itself and as representative of its members, included of which are Audrey Bear-Zuboty, Barbara Bell, Greg Cameron, Theo C. Ho, Lee A. Jung, Margaret Jung, Heather Lyman, Greg Owens, Dennis Stout, Marthann Stout, Carl A. Vasconcellos, Glenn Yasuda, and Thomas Zoetewey, Plaintiffs,

v.

Donald P. HODEL, United States Secretary of Energy, Hideto Kono, Director of the Department of Planning and Economic Development, State of Hawaii, the Research Corporation of the University of Hawaii (RCUH), a Hawaii corporation, Sidney Fuke, County of Hawaii Planning Director, Hawaiian Electric Company, Inc., a Hawaii corporation, Susumu Ono, Chairman, Board of Land and Natural Resources, State of Hawaii, William Yuen, Chairman, Land Use Commission, State of Hawaii, Barnwell Geothermal Corporation, a Hawaii corporation, and Puna Geothermal Venture, a Hawaii general partnership, Defendants.

Civ. No. 82–0457.

United States District Court,
D. Hawaii.

Jan. 14, 1983.

Jack F. Schweigert, Honolulu, Hawaii, for plaintiffs.

Susan Cook, Washington, D.C., for defendant Dr. James Edwards.

Annette Y.W. Chock, Deputy Atty. Gen., Honolulu, Hawaii, for defendants Hideto Kono, The Research Corporation of the University of Hawaii and William Yuen.

R. Ben Tsukazaki, Deputy Corp. Counsel, County of Hawaii, Hilo, Hawaii, for defendant Sidney Fuke.

James E.T. Koshiba, Honolulu, Hawaii, for defendant Hawaiian Elec. Co., Inc.

William T. Tam, Deputy Atty. Gen., Honolulu, Hawaii, for defendant Susumu Ono.

John A. Roney, Honolulu, Hawaii, for defendant Barnwell Geothermal Corp.

Bert T. Kobayashi, Jr., Benjamin A. Kudo, Honolulu, Hawaii, for defendant Puna Geothermal Venture.

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND FOR MANDATORY INJUNCTION PENDING APPEAL

FONG, District Judge.

By their Motion for Mandatory Injunction Pending Appeal filed November 5, 1982, Plaintiff PUNA SPEAKS, an unincorporated association, on behalf of itself and as representative of its members, came to this Court seeking a mandatory injunction pending appeal restraining Defendants from the operation or continuation of activities with respect to three geothermal drilling and production projects in the Puna District on the island of Hawaii.

The matter came on for hearing on December 20, 1982, on Plaintiffs' Motion, filed pursuant to Rule 8, Federal Rules of Appellate Procedure, for a mandatory injunction pending appeal. At that hearing, Plaintiffs also asked the Court to reconsider its December 17, 1982 Order Denying Plaintiffs' Motion For Preliminary Injunction. Just prior to the hearing on December 20, 1982, Plaintiffs filed their Notice of Appeal to the Ninth Circuit Court of Appeals.

JACK F. SCHWEIGERT, Esq., appeared on behalf of Plaintiff PUNA SPEAKS; JAMES E.T. KOSHIBA, Esq., appeared on behalf of Defendant HAWAIIAN ELECTRIC COMPANY, INC.; CAROL MURANAKA, Esq., appeared on behalf of the U.S. Attorney's Office and the Land and Natural Resources Division of the U.S. Department of Justice for Defendant DONALD P. HODEL, United States Secretary of Energy; ANNETTE Y.W. CHOCK, Esq., appeared on behalf of Defendants HIDETO KONO, Director of the Department of Planning and Economic Development, State of Hawaii, THE RESEARCH CORPORATION, University of Hawaii, and WILLIAM YUEN, Chairman of the LAND USE COMMISSION, State of Hawaii; R. BEN TSUKAZAKI, Esq., appeared on behalf of Defendant SIDNEY FUKE, Planning Director of the County of Hawaii; WILLIAM M. TAM, Esq., appeared on behalf of Defendant SUSUMU ONO, Chairman of the Board of Land and Natural Resources, State of Hawaii; JOHN A. RONEY, Esq., appeared on behalf of Defendant BARNWELL GEOTHERMAL CORPORATION; and BENJAMIN A. KUDO, Esq., appeared on behalf of Defendant PUNA GEOTHERMAL VENTURE.

AND THE COURT, having considered Plaintiffs' Motion to be both a motion for reconsideration of the Court's December 17, 1982 Order Denying Plaintiffs' Motion for

Preliminary Injunction, as well as a motion for mandatory injunction pending appeal, having considered all of the evidence presented, having studied the various memoranda, affidavits and exhibits submitted by counsel, having heard the arguments of counsel made at the aforesaid hearing, and having studied the authorities cited by counsel and otherwise being fully advised in the premises, makes the following Findings of Fact, and Conclusions of Law and Order:

## FINDINGS OF FACT

1. On December 17, 1982, this Court filed its Findings of Fact, Statements of Law, Conclusions and Order denying Plaintiffs' Motion for Preliminary Injunction.

2. Plaintiffs are now contending that a formal Environmental Impact Statement (hereinafter "EIS") was required and Defendant's negative-declaration was in error, due to alleged failure to consider several factors enumerated in the Council on Environmental Quality's (CEQ) terminology of the word "significantly". *See* 40 C.F.R. § 1508.27 (1981).

3. The question presented for judicial review is whether Defendant U.S. Department of Energy (hereinafter "DOE") had "reasonably concluded" that the geothermal project will have no significant environmental consequences. (Citations omitted.)

4. Having studied the various memoranda, affidavits, declarations and exhibits submitted herein, and having considered the testimony of witnesses and arguments of counsel made during the hearing of September 29th and 30th, 1982 on Plaintiffs' Motion for Preliminary Injunction, this Court found in Paragraph 13 of its Findings of Fact that the "Defendants had reasonably considered all the various environmental consequences regarding the [geothermal] project in controversy, having before them all the relevant environmental information at the time of the 'negative-determination' decision."

5. The negative-declaration by Defendant DOE was based, in part, on the 1976 Environmental Assessment of the Hawaii Geothermal Project Well Flow Test Program, the 1977 Department of Energy Environmental Impact Assessment of the Hydrothermal Subprogram which addressed the environmental consequences of geothermal development and the 1979 Environmental Assessments of the Hawaii Geothermal Research Station.

6. The Court found in paragraph 14 of its Findings of Fact that the exhibits indicate that Defendants took adequate steps to ensure compliance with NEPA guidelines and that in good faith, they did identify and discuss all of the foreseeable environmental consequences in their consideration of the project in question.

7. The Court further found in Paragraph 15 of its Findings of Fact that "[b]y reason of the foregoing, the environmental assessments and studies were adequate for the purposes of NEPA, therefore, Defendant DOE was not required to file a formal NEPA environmental-impact statement."

8. The Court further found in Paragraph 16 of its Findings of Fact that the "Plaintiffs have not shown that DOE's decision to forego an environmental impact statement was unreasonable."

9. No new additional evidence has been submitted by Plaintiffs to challenge the Court's previous findings that Defendant DOE acted reasonably in determining that a negative-declaration was appropriate for the geothermal project.

## STATEMENTS OF LAW

■ 1. When an application for an injunction pending appeal is made, the criteria to be employed in deciding whether it should be granted are much the same as would be employed on application for a preliminary injunction, i.e., likelihood that Plaintiffs will prevail on the merits, the balance of irreparable harm, and the public interest in granting the injunction. *Alpine Lakes Protection Society v. Schlapfer,* 518 F.2d 1089 (9th Cir.1975), citing *Schwartz v. Covington,* 341 F.2d 537 (9th Cir.1965).

■ 2. However, as noted in *Columbia Basin Land Protection Ass'n v. Kleppe,* 417

F.Supp. 46 (E.D.Wash.1976), *aff'd sub nom. Columbia Basin Land Protection Ass'n v. Schlesinger,* 643 F.2d 585 (9th Cir.1981), in cases of alleged NEPA violations, the National Environmental Policy Act has effectively preempted the Court's authority to: (a) balance the relative harm to the parties that would result from an injunction; and (b) determine whether the public interest would be served.

3. This Court must therefore determine whether or not Plaintiffs have carried their burden of going forward by showing irreparable harm and the likelihood of success on the merits in order to justify the relief prayed for.

4. When an agency determines not to file an EIS, the Court is not required to determine whether a challenged project will in fact have significant effects but whether the responsible agency has reasonably concluded that the project will have no significant adverse environmental consequences. *Preservation Coalition, Inc. v. Pierce,* 667 F.2d 851, 855 (9th Cir.1982) citing *City of Davis v. Coleman,* 521 F.2d 661, 673 (9th Cir.1975).

### CONCLUSIONS OF LAW

5. Plaintiffs' argument that an EIS was required because of several factors enumerated in the Council on Environmental Quality's terminology of "significantly" is without merit. 40 C.F.R. § 1508.27 merely enumerates factors which the reviewing agencies are to consider in determining whether or not environmental impacts are significant. The mere presence of these factors do not, standing alone, mandate the preparation of an EIS. *Preservation Coalition* (and the host of cases stated therein) clearly set forth the standard of review pertinent to this case.

6. This Court finds that Defendant DOE considered all the relevant environmental factors prior to its determination that the geothermal project would have no significant environmental impacts.

7. Having concluded that the Defendants, in particular, the DOE, acted properly with respect to the geothermal project, and in light of Plaintiffs' failure to show new evidence of irreparable harm and sufficient probability of success on the merits, this Court will refuse the relief prayed for.

NOW, THEREFORE,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiffs herein have failed to sustain the burden of proof for the relief prayed for.

IT IS FURTHER ORDERED that Plaintiffs' Motion, considered both as one for reconsideration and for an injunction pending appeal, is therefore DENIED.