777 F.2d 1384
 23 ERC 1849, 16 Envtl. L. Rep. 20,168
 The STEAMBOATERS, an Oregon non-profit corporation, Petitioner,
v.
FEDERAL ENERGY REGULATORY, COMMISSION, Kenneth Plumb,
Secretary of FERC, Winchester Water Control
District, and Elektra Power Corporation,
Respondents,
Winchester Water Control District and Elektra Power
Corporation, Intervenors.
Malcolm BALDRIGE, Secretary of Commerce, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Winchester Water Control District and Elektra Power
Corporation, Intervenors.
 Nos. 83-7444, 83-7660, 83-7705 and 83-7754.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 5, 1985.
 
 Allen L. Johnson, Bill Kloos, Eugene, Or., for petitioner.
 David C. Shilton, Dept. of Justice, Washington, D.C., for M. Baldrige.
 Joshua Z. Rakach, F.E.R.C., Washington, D.C., Stephen T. Janik, Ball, Janik & Novack, Portland, Or., R. Keith Guthrie, Vanness, Feldman, Sutcliffe, Curtis & Levenberg, Washington, D.C., for respondents.
 Before SNEED, ALARCON and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 In Steamboaters v. FERC, 759 F.2d 1382 (9th Cir.1985), we reversed and rescinded an order of the Federal Energy Regulatory Commission (FERC) which granted an exemption from licensing to the Winchester Dam Hydropower Project because of a failure to comply with the procedural requirements of the National Environmental Policy Act (NEPA). Intervenors now file a petition for rehearing requesting us to modify our opinion to permit the project to operate pending remand to the agency. In response, the Steamboaters has filed a motion for a preliminary injunction pending our decision on the petition for rehearing for a permanent injunction. We deny the petition and all the motions for injunctive relief.
 
 1. Petition for Rehearing
 
 2
 Intervenors argue that in fashioning a remedy, we failed to consider equitable principles. They analogize their case to other cases where this court, for equitable reasons, refused to enjoin activity even though there had been a failure to comply with NEPA.
 
 
 3
 The cases Intervenors cite are distinguishable from this case. As a general rule, we have declined to enjoin action allegedly in violation of NEPA only in the unusual case where an injunction "might actually jeopardize natural resources." American Motorcyclist Association v. Watt, 714 F.2d 962, 966 (9th Cir.1983) (court refused to enjoin environmental plan designed to protect desert resources); see also Alpine Lakes Protection Society v. Schlapfer, 518 F.2d 1089 (9th Cir.1975) (court refused to enjoin grant of access to permit logging of infested trees because of risk that timber would be worthless and risk that adjacent forestland would be infested). Intervenors do not argue that an injunction would cause environmental harm. Rather, they ask the court to find that continued operation of the project would not cause irreparable harm.
 
 
 4
 Intervenors argue, however, that this is an unusual case because of the public interest in promoting small hydropower projects. They rely on Forelaws on Board v. Johnson, 743 F.2d 677 (9th Cir.1984). There, we held that the Bonneville Power Administration violated NEPA when it offered power contracts without developing an environmental impact statement (EIS), but refused to enjoin the contracts pending completion of the EIS. Forelaws is clearly distinguishable, however, because of the "clear tension between NEPA's charge to the agency to evaluate the effects of action upon the environment and the command of the Regional Act that the contracts be in place within 21 months of its passage." Id. at 686.
 
 
 5
 Such a statutory conflict does not exist between NEPA and the statute under which the exemption was granted, the Energy Security Act (ESA). Although the ESA encourages the expeditious development of hydropower, it sets no time schedule for specific projects. Furthermore, the statute governing exemptions from licensing incorporates by reference NEPA's procedural requirements. 16 U.S.C. Sec. 2705(b). Thus, the delay caused by compliance with NEPA is built into the ESA. Furthermore, Intervenors make no showing that the electrical power the project generates is vital to satisfy the public's needs.
 
 
 6
 Finally, Intervenors argue that a shutdown of the hydropower project would harm their private investment. Although we acknowledge that a shut down will deprive Intervenors of revenue, we find no evidence that it will cause irreparable financial harm.
 
 
 7
 In short, Intervenors have failed to show that this is an "unusual case" such that we must clarify our decision to permit operation of the hydropower project. Accordingly, we deny the petition.
 
 2. Motions for Injunctive Relief
 
 8
 The Steamboaters has filed a motion to enjoin operation of the plant pending our decision on Intervenors' petition. Because this order denies the petition, it renders Steamboaters' motion moot. Accordingly, we deny the motion.
 
 
 9
 The Steamboaters has also filed two requests for a permanent injunction. They contend that the project is presently causing irreparable environmental harm and that Intervenors will operate the hydropower project in violation of this court's decision. The Steamboaters' motions are premature pending remand of this case to FERC for a clarification of its decision not to prepare an Environmental Impact Statement. Accordingly, we deny the motions for a permanent injunction without prejudice.
 
 
 10
 Petition and Motions DENIED.